UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

JOSE RAMIREZ,

      Plaintiff,

   - against -

SGT. DURLAND; C.O. WICKHAM; and C.O. FOX,

      Defendant.

------------------------------------------------------------------ X

17-CV-3825 (VB)

**STIPULATION OF
CONFIDENTIALITY AND
PROPOSED PROTECTIVE
ORDER**

   WHEREAS discovery herein may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, or (b) contain information that is confidential under state or federal law;

   **IT IS HEREBY STIPULATED AND AGREED** that:

   1. The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

   2. The Party or person producing or disclosing documents ("Producing Party") may designate as "Confidential Material," only the portion of such material that it reasonably and in good faith believes consists of:

     a. any information of a personal or intimate nature regarding any individual;

     b. any medical information about any person which is protected from disclosure by statute;

     c. any information related to the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the information

contained therein, the disclosure of which Defendants or DOCCS reasonably and in good faith believes would jeopardize correctional or institutional safety, security or good order, or which would disclose personal or identifying information of DOCCS employees or inmates and/or which would disclose information that is confidential under state or federal law;

    d. any other category of information this Court subsequently affords confidential status;

3.    With respect to the Confidential Material of any document other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to documents already produced by the Parties, the Producing Party shall provide notice to any receiving party of the portions of the previously produced information which they designate as "Confidential."

4.    Confidential Material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation of Confidentiality and Protective Order or as otherwise ordered by the Court.

5.    Access to the Confidential Material shall be limited to:

    a. Attorneys for Plaintiff;

    b. Defendants and Attorneys for Defendants;

    c. Employees and independent contractors of the respective attorneys for Plaintiff or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

2

d.  The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation of Confidentiality and Protective Order and shall execute the Certification annexed hereto;

e.  Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

f.  Any other person who was an author, sender, addressee, designated recipient, or source of the Confidential Material;

g.  Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants;

h.  The Court and supporting personnel;

i.  Any witness who counsel for a Party in good faith believes may be called to testify in this action, including counsel for such witnesses, to the extent that Confidential Material is reasonably believed or expected to relate to the witnesses' testimony except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation of Confidentiality and Protective Order and shall execute the Certification annexed hereto; and

6.  Unless provided by the Court or consented to in writing by Defendants or DOCCS, Plaintiff's counsel may not provide a copy or allow a copy of any Confidential Material designated as such by Defendants to be given to or retained by Plaintiff.  Plaintiff's counsel may show and discuss Confidential Material with Plaintiff to the extent necessary to prepare for the litigation of this Action.

3

7.     For Confidential Material that contains sensitive information, the disclosure of which would jeopardize correctional security, and/or identifying personal information pertaining to Defendants, current or former employees of DOCCS, and third-parties, counsel may designate such information "Highly Confidential." A designation of "Highly Confidential" means that it is for "attorneys' eyes only" and shall not be released or disclosed in any manner to any other person, including Plaintiff, who does not fall under Paragraph 5(a) – (i). Plaintiff's counsel may not show or discuss Highly Confidential Material with Plaintiff.

8.     All transcripts of depositions taken in this Action, except for the transcript of Plaintiff's deposition, will be treated as Highly Confidential Material in their entirety for thirty (30) days after a full and final copy of the deposition transcript is provided to adverse counsel by the party taking the deposition. During that thirty (30) day period, either party may designate as Confidential or Highly Confidential Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraph 2 and 6 herein, and such designation must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated by the expiration of the thirty (30) day period will not be treated as Confidential or Highly Confidential Material except as provided in Paragraph 17 below.

9.     To the extent Plaintiff's counsel obtained copies of documents described in paragraphs 2 or 6 herein prior to the date of this Agreement and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter, respectively, as Confidential or Highly Confidential Material.

10.     Notwithstanding the treatment as Confidential or Highly Confidential Material of

4

personnel, health care, mental health care, or other records that contain personally identifiable information concerning any employee of DOCCS, or any inmate other than Plaintiff who is or was in the custody of DOCCS, it is understood that the names of family members, residence addresses, employee insurance information, Social Security numbers and/or Department Identification Numbers ("DIN") of any employee or third party who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from DOCCS documents. Nothing herein will be deemed a waiver of Defendants' objections to producing health care, mental health care or employment records in this action.

11. Confidential or Highly Confidential Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over the parties, provided, however, that, in the event that counsel for a party intends to produce documents containing Confidential or Highly Confidential Material or that contain Confidential or Highly Confidential Material obtained from such documents in response to such order, counsel for the disclosing party shall serve notice of such order upon counsel for the party that designated the materials Confidential or Highly Confidential, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendants the opportunity to seek a protective order against such production.

12. Except as provided for in paragraph 6 herein, consented to in writing by Defendants' counsel, and ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential or Highly Confidential Material shall not be released or disclosed in any manner to any person who is known to be, or to have been, an inmate in the custody of DOCCS.

13.     In the event that a party intends to file with the Court any papers that attach or enclose documents containing Confidential or Highly Confidential Material produced pursuant to this Stipulation and of Confidentiality and Protective Order or that contain Confidential or Highly Confidential Material obtained from such documents, including deposition transcripts, that party shall make the proper application with the Court for an order to file those materials under seal based upon the producing party's designation and pursuant to the Court's rules, procedures, practices, and instructions for filing documents under seal.  Any publically filed redacted copy shall not disclose or reference Confidential or Highly Confidential Material.

14.     No person receiving or reviewing Confidential or Highly Confidential Material pursuant to this Stipulation of Confidentiality and Protective Order shall disclose or discuss such Confidential or Highly Confidential Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential or Highly Confidential Information pursuant to this Stipulation of Confidentiality and Protective Order.

15.     The Confidential or Highly Confidential Material shall not be disclosed in open Court without first affording counsel for the party that designated the materials Confidential or Highly Confidential an opportunity to contest disclosure and/or admissibility of the Confidential or Highly Confidential Information.

16.     If a party objects to the designation of any document as Confidential or Highly Confidential Material, such party shall state such objection in writing to the counsel for the party that designated the Confidential or Highly Confidential Material any time before trial of this action.  Counsel shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, the objecting party may, within thirty (30) days of the initial objection, request the Court to remove the designation following the Court's rules and individual practices

for resolving discovery disputes. Any disputed documents shall be treated as Confidential or Highly Confidential Material until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

17.   Nothing herein shall be deemed to waive any applicable privilege or objection. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

18.   The production of privileged or work-product protected documents, electronically stored information, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

19.   An inadvertent failure to designate Confidential or Highly Confidential Material as confidential may be corrected by supplemental written notice given as soon as practicable.

20.   If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an order compelling production of the inadvertently disclosed information. The receiving party shall apply to the Court to file the motion under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

21.   Confidential or Highly Confidential Material produced pursuant to the terms of this Stipulation of Confidentiality and Protective Order shall be used by the receiving party solely for

the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

22.   Within thirty (30) days of the conclusion of this Action, counsel for the Receiving Party shall either return to the Producing Party's counsel all Confidential or Highly Confidential Material, and any copies thereof, in its custody, possession or control and any documents containing Confidential or Highly Confidential Information, in whole or in part, and any copies made therefrom, or shall notify the Producing Party's counsel in writing that all such Confidential or Highly Confidential Information has been destroyed.

23.   Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation of Confidentiality and Protective Order.

24.   The production or disclosure of Confidential Material shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action.  Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document, testimony, or other information is, or is not, confidential.  Failure to challenge a Confidential Material designation shall not preclude a subsequent challenge thereto.

**SO STIPULATED AND AGREED:**

Dated: December 19, 2019

Gibson, Dunn & Crutcher, LLP
Attorneys for Plaintiff

By:   _____
David Kusnetz
200 Park Avenue
New York, NY 10166
Tel: (212) 351-2657
DKusnetz@gibsondunn.com

Dated: December _19_ , 2019

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendant

By: _Deanna L. Collins_

Deanna L. Collins
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
Tel: (212) 416-8906
Deanna.Collins@ag.ny.gov

**SO ORDERED**
Dated: 12/19/2019

Hon. Vincent Briccetti
U.S.D.J.

## **CERTIFICATION**

I certify my understanding that Confidential or Highly Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation of Confidentiality and Protective Order in Ramirez v. Annucci, *et al.*, 17-CV-3825(VB), currently pending in the United States District Court for the Southern District of New York.  I further certify that I have read the Stipulation of Confidentiality and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation of Confidentiality and Protective Order restricting the communication or use of Confidential or Highly Confidential Discovery Material, including but not limited to any notes or other transcriptions made of Confidential or Highly Confidential Discovery Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.


Dated: _____

                                        _____
                                        SIGNATURE

                                        _____
                                        PRINT NAME

                                        _____

                                        _____
                                        ADDRESS

                                        _____
                                        TELEPHONE #

                                        _____